IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY A. NASH | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:15cv411-HSO-JCG |
| | § | |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR NOVASTAR MORTGAGE | § | |
| FUNDING TRUST, SERIES 2007-1 | § | |
| NOVASTAR HOME EQUITY | § | |
| LOAN ASSET-BACKED, *et al.* | § | DEFENDANTS |

## ORDER GRANTING [20] MOTION TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

This matter is before the Court on the Motion to Dismiss [20] filed by

Defendant Deutsche Bank National Trust Company, as Trustee for Novastar

Mortgage Funding Trust, Series 2007-1 Novastar Home Equity Loan Asset-Backed,

and sua sponte for case management purposes pursuant to Federal Rule of Civil

Procedure 4(m) and due to Plaintiff Jeremy A. Nash's failure to comply with the

Court's Orders to properly serve Defendants and file Proofs of Service.  To date,

Plaitniff has not responded to Deutsche's Motion to Dismiss [20], and the time for

doing so has passed.  *See* L.U. Civ. R. 7(b)(4).

After due consideration of the record and relevant legal authority, the Court

finds that Deutsche's Motion to Dismiss [20] should be granted and that Plaintiff's

claims against all Defendants should be dismissed without prejudice pursuant to

Federal Rule of Civil Procedure 4(m).

I.  <u>BACKGROUND</u>

Plaintiff Jeremy A. Nash ("Plaintiff") filed a pro se Complaint [1] on

December 14, 2015, invoking the Court's federal question jurisdiction pursuant to

28 U.S.C. § 1331.  The Complaint named as Defendants Deutsche Bank National

Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1

Novastar Home Equity Loan Asset-Backed ("Deutsche"); J. Gary Massey; Eric C.

Miller; Cynthia D. Cohly; and Shapiro & Massey, LLC.  Plaintiff subsequently filed

Proofs of Service for each named Defendant.  Proofs of Service [3] at 1-20.

According to the Proofs of Service, each Defendant was served by United States

Postal Service certified mail.  *Id.*

On January 8, 2016, Deutsche filed a Motion to Dismiss [4] pursuant to

Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[1]  Deutsche asserted that the

Complaint was not properly served upon a person authorized to accept service of

process on its behalf, such that Deutsche should be dismissed.  Mem. [6] at 1-5.

Deutsche alternatively sought dismissal because it argued that the Complaint failed

to state a claim upon which relief could be granted.  *Id.* at 1, 5-7.  On January 22,

2016, Plaintiff filed an Amended Complaint [7], which also contained Plaintiff's

response to Deutsche's Motion to Dismiss.

On January 29, 2016, the Court entered an Order [8] finding that Plaintiff

had failed to properly serve Deutsche with process.  In light of the Amended

---

[1]  No other Defendant has filed a motion or otherwise entered an appearance in this case.

Complaint, the Court denied Deutsche's Motion to Dismiss without prejudice, and required Plaintiff to have new summonses and his Amended Complaint [7] properly served upon each Defendant in accordance with Federal Rule of Civil Procedure 4. The Court further directed Plaintiff to file into the record proper notice of said service on or before March 14, 2016.  Order [8] at 5.  Plaintiff was warned that failure

> to properly serve any Defendant with process in accordance with Rule 4 and to file notice of the service into the record of this case by **March 14, 2016**, may result in the sua sponte dismissal of Plaintiff's claims against the unserved Defendant or Defendants, without further notice to Plaintiff.

*Id.* (emphasis in original).

On the deadline of March 14, 2016, Plaintiff filed a Motion [9] requesting additional time to comply with the Court's Order.  Mot. [9] at 1.  On April 8, 2016, the Magistrate Judge entered an Order [14] granting in part and denying in part Plaintiff's Motion [9].  This Order stated that

> **May 9, 2016**, is the deadline for Plaintiff to file into the record notices that Defendants have been properly served or have waived service. Failure to timely abide by this Order will subject this case to dismissal without prejudice and without further notice to Plaintiff.

Order [14] at 4 (emphasis in original).

On the deadline of May 9, 2016, Plaintiff caused a new Summons [16] to be issued for Deutsche.  On May 13, 2016, Plaintiff again had a new Summons [17] issued for Deutsche and simultaneously filed a Motion to Extend Court's May 9th Deadline [18], stating that he "has discovered new information on the Defendant's registered agent's name and address and has mailed both summons and amended

complaint as the court has directed." Mot. [18] at 1. Plaintiff attached a United

States Postal Service Certified Mail receipt dated May 13, 2016, addressed to

Deutsche, but did not include any proper Proof of Service.

On May 17, 2016, the Magistrate Judge granted Plaintiff's Motion [18] to

extend the deadline. Order [19] at 2. The Magistrate Judge ordered that

> Plaintiff's deadline for filing into the record proof that each defendant has
> been properly served is **May 26, 2016**. To prove service, the "Proof of
> Service" affidavit on the summons form, Form Number A0 440, must be
> completed and filed with the Clerk of Court as to each defendant.

*Id.* (emphasis in original). The Magistrate Judge again informed Plaintiff that

"[f]ailure to timely comply with this Order will subject this case to dismissal

without prejudice and without further notice to Plaintiff." *Id.*

In contravention of this Court's Orders, Plaintiff has not filed the proper

Proof of Service into the record as to Deutsche, and there is no indication in the

record that Deutsche or any other Defendant has ever been properly served, even

though Plaintiff filed his Amended Complaint [7] over 150 days ago. Nor has

Plaintiff requested additional time in which to serve process. Plaintiff has filed

nothing into the record of this case since the Court entered its May 17, 2016, Order

[19].

On June 1, 2016, Deutsche filed its Motion to Dismiss [20]. Deutsche asserts

that the Amended Complaint "was not served on a person authorized to receive

service of process, nor has Plaintiff complied with the Court's order to file the 'Proof

of Service' affidavit by May 26, 2016." Mot. to Dismiss [20] at 1. Deutsche argues

that "Plaintiff's failure to comply with service requirements and the Court's order

prevents the Court from obtaining personal jurisdiction over Deutsche Bank." *Id.* Even if the Court has personal jurisdiction over Deutsche, it maintains that "Plaintiff wholly fails to state a claim upon which relief may be granted," such that dismissal is warranted. *Id.* at 2. Plaintiff has not responded to Deutsche's Motion to Dismiss [20], and the time to respond has passed. *See* L.U. Civ. R. 7(b)(4).

## II. DISCUSSION

A.    Deutche's Motion to Dismiss should be granted.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The threshold question the Court must resolve is whether Deutche was properly served with process.

1.    Plaintiff has not shown that Deutsche was properly served with process.

"[S]ervice of process must occur in accordance with Federal Rule of Civil Procedure 4." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). "When service of process is challenged, the serving party bears the burden of

proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

Plaintiff appears to have attempted service upon Deutsche by certified mail under Mississippi Rules of Civil Procedure 4(d)(4) and 4(c)(5).[2] Mississippi Rule of Civil Procedure 4(d)(4) permits service

> [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Miss. R. Civ. P. 4(d)(4). Rule 4(c)(5) provides that

> [i]n addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested.

Miss. R. Civ. P. 4(c)(5).

The summons issued to Deutsche on May 9, 2016, was "Care of PD BRAND, JACQUES," Summons [16] at 1, while the summons issued to Deutsche on May 13, 2016, was "Care Of KRIS KWONG," Summons [17] at 1. According to Deutsche, "[t]he Amended Complaint in this matter was not served on a person authorized to

---

[2] *See* Fed. R. Civ. P. 4(h) (permitting service upon a corporation in the manner prescribed by Fed. R. Civ. P. 4(e)(1) for serving an individual); Fed. R. Civ. P. 4(e)(1) (permitting service upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

receive service of process . . . ." Mot. to Dismiss [21] at 1. Plaintiff has not

responded to this allegation and has not filed a Proof of Service as to either

Summons. Plaintiff has not carried his burden of demonstrating the validity of

service upon Deutsche. *See Sys. Signs Supplies*, 903 F.2d at 1013; *see also* Fed. R.

Civ. P. 4(l)(1) ("proof of service must be made to the court . . . by the server's

affidavit").[3]

Moreover, without a Proof of Service, it is unclear from the present record

who mailed the envelopes to Deutsche. Based upon a plain reading of Plaintiff's

Motion, it appears that he did so personally. *See* Mot. [18] at 1. A party, however,

cannot personally serve a defendant with process. Fed. R. Civ. P. 4(c)(2); Miss. R.

Civ. P. 4(c)(1).

2.      <u>Because Plaintiff has not served Deutsche within the time permitted
by Rule 4(m) or the extensions granted in this Court's prior Orders, the
Court will grant Deutsche's Motion to Dismiss and dismiss Plaintiff's
claims against Deutsche without prejudice.</u>

A defendant may move to dismiss a plaintiff's claims for failure to effect

timely service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *In re

Katrina Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009). Federal Rule of Civil

Procedure 4(m) provides in relevant part that

> [i]f a defendant is not served within 90 days after the complaint is filed,
> the court—on motion or on its own after notice to the plaintiff—must
> dismiss the action without prejudice against that defendant or order that
> service be made within a specified time. But if the plaintiff shows good

---

[3]  Plaintiff attempted service upon Deutsche in the State of New York. While Deutsche's
Motion does not address New York law, it does not appear from the record that service was
valid under New York law either. *See* N.Y. C.P.L.R. § 311 (McKinney 1999).

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.* "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

More than 190 days have elapsed since Plaintiff filed his original Complaint and more than 150 days have elapsed since he filed his Amended Complaint. Plaintiff has not demonstrated that he has properly served Deutsche with either pleading. Plaintiff also has not shown good cause for his failure, requested additional time to perfect service or file a proper proof of service, or demonstrated that there is any basis for granting a discretionary extension. The Court will therefore grant Deutsche's Motion and dismiss Plaintiff's claims against it without prejudice pursuant to Rule 4(m).

B.     Plaintiff's claims against the remaining in-state Defendants should be dismissed for failure to timely serve them.

In addition to Rule 4(m)'s 90-day service requirement, this Court also has the authority to dismiss an action for Plaintiff's failure to prosecute under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *See Link*, 370 U.S. at 630-31.

The record in this case is clear that Plaintiff has failed to comply with this Court's Orders and with Rule 4(m).  More than 190 days have elapsed since Plaintiff filed his original Complaint and more than 150 days have elapsed since he filed his Amended Complaint.  The Court gave Plaintiff adequate notice and additional time to properly serve the in-state Defendants.  There is no indication in the record that Plaintiff has properly served these Defendants.  Nor has Plaintiff sought additional time in which to do so.

While Plaintiff appears to have attempted service of the original Complaint upon in-state Defendants J. Gary Massey, Eric C. Miller, Cynthia D. Cohly, and Shapiro & Massey, LLC, via certified mail, *see* Proofs of Service [3] at 1-20, "[t]he Mississippi Rules of Civil Procedure do not permit service of process on in-state defendants by certified mail," *Shorty v. Sparkman*, No. 5:12-CV-114-DCB-MTP,

-9-

2013 WL 4773943, at *2 (S.D. Miss. Sept. 4, 2013) (citing Miss. R. Civ. P. 4(c);

*Triple C Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004)).  Nor does it

appear that Plaintiff has ever attempted to serve these in-state Defendants with the

Amended Complaint, as no summonses have been issued for these Defendants since

Plaintiff filed his Amended Complaint.

      The Court gave Plaintiff sufficient notice that he was required to properly

serve all Defendants with process, failing which the Court would sua sponte dismiss

Plaintiff's claims against any unserved Defendant or Defendants.  *See* Order [8] at

5; Order [14] at 3-4; Order [19] at 2.  Plaintiff has failed to properly serve the in-

state Defendants with either the original Complaint or the Amended Complaint

within the time allowed under Rule 4(m), or within the additional time to do so

afforded by this Court.  Nor has Plaintiff sought an extension to serve the in-state

Defendants,  shown good cause for his failure, or otherwise demonstrated that an

extension should be granted.  The Court will therefore dismiss Plaintiff's claims

against the in-state Defendants without prejudice pursuant to Rule 4(m) and for

failure to comply with the Court's Orders.

### III.  CONCLUSION

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to

Dismiss [20] filed by Defendants Deutsche Bank National Trust Company, as

Trustee for Novastar Mortgage Funding Trust, Series 2007-1 Novastar Home

Equity Loan Asset-Backed, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendants Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1 Novastar Home Equity Loan Asset-Backed; J. Gary Massey; Eric C. Miller; Cynthia D. Cohly; and Shapiro & Massey, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this 29th day of June, 2016.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE